

**SO ORDERED.**

**SIGNED this 26th day of July, 2011.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Legal Xtranet, d/b/a Elumicor | 11-51042-C |
| Debtor | Chapter 11 |
| Legal Xtranet, d/b/a Elumicor | |
| Plaintiff | |
| v. | Adv. No. 11-5068-C |
| AT&T Management Services, L.P., f/k/a SBC Management Services, L.P. | |
| Defendant | |

**Memorandum Decision and Order Denying Motion to Dismiss**

Came on for consideration the foregoing matter. Plaintiff has sued Defendant seeking recovery of monies it believes are owed to it, under the terms of a contract between the parties. Plaintiff has denominated the action as one for "turnover" under section 542(b) of title 11. Defendant now seeks to dismiss this action for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, applicable in bankruptcy by virtue of Rule 7012 of the Federal Rules of Bankruptcy Procedure. The gravamen of the motion to dismiss is that no recovery is available to the Plaintiff under the pleaded section of the Bankruptcy Code, because that section is reserved for the recovery of property the entitlement to which is not in dispute.

The Defendant may well be right in its contention that turnover under section 542 is the wrong remedy. The case law cited by the Defendant certainly supports that view. *See, e.g., OHC Liquidation Trust V. Discovery Re (In re Oakwood Homes Corp.),* 342 B.R. 59, 67 (Bankr. D.Del. 2006); *Hechinger Inv. Co. of Del., Inc. v. Allfirst Bank (In re Hechinger Inv. Co. of Del., Inc.)*, 282 B.R. 149, 161 (Bankr. D.Del. 2002); *N. Parent, Inc. v. Cotter & Co. (In re N. Parent, Inc.)*, 221 B.R. 609, 626 (Bankr. D.Mass. 1998); *see also Schmidt v. United States Marshal Serv. (In re Villareal)*, 2007 Bankr. LEXIS 463, *9 (Bankr. S.D.Tex. Feb. 8, 2007) (turnover remedy not available to recover debts that are either unliquidated or are in dispute).

The Defendant is *not* right that the appropriate remedy is dismissal of the lawsuit, however. So long as the complaint states a claim for which relief may be granted, setting out facts in support of that claim, the fact that the Plaintiff may cite as a basis for recovery a statute that is not applicable does not require the dismissal of the action. It only requires a finding that, though relief might be available under a theory of law, it is not available under *that* theory of law. Rule 12(b)(6) is reserved for situations in which a recovery is not available *at all* as a matter of law. *See Aldridge v. Indian Elec. Coop.,* 2008 U.S. Dist. LEXIS 31899, *5 (N.D.Okla. Apr. 17, 2008) (whether a theory of recovery is properly alleged is determined by whether the pleading alleges sufficient

facts to support the separate elements of recovery); *Kinzer v. Metro. Gov't of Nashville & Davidson County*, 451 F.Supp.2d 931, 932 (M.D.Tenn. 2006) (a complaint will be dismissed under Rule 12(b)(6) only if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief). The Plaintiff's Complaint here easily survives, because a recovery is available under one or more legal theories, even if a recovery were not available under section 542(b) of title 11.[1]

The real point of the Plaintiff's couching this action as one arising under section 542(b) is clear: if the matter is truly one arising under section 542(b), then it may be a core proceeding, on which this court can rule with finality. If, on the other hand, this is not a matter arising under section 542(b), then it may well be an action the basis for which in no way derives from or is dependent on bankruptcy law. In the latter event, this court could not adjudicate the dispute to final judgment. *See Stern v. Marshall*, \_\_ U.S. \_\_\_, 180L.Ed.2d 475, 489-95 (2011). The court need not decide that question on this motion, which seeks only dismissal under Rule 12(b)(6). The fact that the court denies relief on this motion in no way decides the questions raised by the *Stern v. Marshall* decision, which questions are reserved for another day.

# # #

---

[1] The court does not (and need not here) rule that section 542(b) does not afford the Plaintiff a basis for recovery. As the Plaintiff has noted in response to another motion filed in this adversary proceeding, the Defendant cannot resist section 542(b) by *manufacturing* a dispute where there in fact is none. And simply resisting recovery is not enough to create a legitimate dispute.